**Harry E. THOMASON, Appellant,**

v.

**Melvin R. LAIRD, Secretary of National Defense, et al., Appellees.**

**No. 24511.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 10, 1971.

Decided Dec. 27, 1971.

Mr. Samuel I. Sherwood, Washington, D. C., for appellant.

Mr. John S. Ransom, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief, for appellees.

Before BAZELON, Chief Judge, and MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

The appellant, a civilian attorney, Grade GS–13 in the Office of the Gener-

16. *See* Heryford v. Parker, 396 F.2d 393, 396 (10th Cir. 1968).

al Counsel, Headquarters Army Materiel Command, Department of the Army, sought a promotion to a vacant GS–14 position within the office. Pursuant to regulations an *ad hoc* committee was convened to select a group of "best qualified" candidates for referral to the official who would make the appointment. Appellant was not included as one of the "best qualified", and thereafter another person was appointed to fill the vacancy. Appellant then filed a formal grievance appeal, complaining in substance that he had not been given proper consideration by the *ad hoc* committee.

Pursuant to regulations, an examiner was assigned to consider the appellant's complaint. The examiner found that the appellant had not received proper consideration, and he so reported. His report was submitted to the Commanding General of the Army Materiel Command, General Besson. General Besson found that there was a procedural error in the establishment of the list of candidates referred to the selecting official and accordingly he directed that the committee be reconvened for the purpose of preparing a new list. He overruled the examiner's findings that there had been other errors in the proceedings. This action by General Besson occurred on October 9, 1967. On October 19, 1967 the appellant appealed General Besson's decision to the Army Chief of Staff. It appears, however, that by general orders issued October 4, 1967 jurisdiction over such appeals was transferred from the Chief of Staff to the General Counsel of the Army.

Appellant's name was on the new list of "best qualified" employees prepared by the reconvened *ad hoc* committee; but again the appellant was not selected for promotion. Thereafter the General Counsel of the Army denied the appellant's appeal.

By complaint in the district court the appellant alleged that he was arbitrarily and capriciously denied promotion, and prayed for a judgment declaring that he "be promoted to the position for which he was and is totally qualified." The district court dismissed the complaint and the appellant appeals. We affirm the judgment of the district court.

The appellant urges that his appeal should have been considered by the Chief of Staff of the Army and that he was prejudiced because this was not done. We think however, that it was permissible for the Army to transfer jurisdiction over such appeals from the Chief of Staff to the General Counsel and that the review by the General Counsel satisfied the requirements of procedural due process. In any event, the gist of the appellant's grievance was that his name was not placed on the list of "best qualified" candidates. This grievance was satisfied when his name was finally placed on the list. The selection for appointment of one of the listed individuals was a matter within the sound discretion of the appointing authority, and nothing appears to justify interference by this court. In sum, there was substantial compliance with the requirements of the regulations, and there is no showing of arbitrary and capricious action in failing to promote the appellant. Accordingly the judgment is

Affirmed.